UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

10 MAY -7 PM 3: 45

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| NORWOOD PROMOTIONAL PRODUCTS, LLC, a Delaware limited liability corporation.<br><br>Plaintiffs,<br><br>vs.<br><br>JB ORIGINALS, LLC, a North Carolina limited liability corporation.<br><br>Defendant. | Case No.: _____<br><br>1:10-cv-0580 SEB-JMS |

## COMPLAINT

For their causes of action against Defendant JB Originals, LLC, Plaintiff Norwood Promotional Products, LLC (hereinafter, collectively referred to as "Norwood"), by counsel, alleges:

### INTRODUCTION

1. This is an action for injunction, damages, and other appropriate relief arising out of Defendant's violations of the Lanham Act, 15 U.S.C. § 1114(a), 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c), 15 U.S.C. § 1125(d), and 15 U.S.C. § 1117(c), as well as Defendant's common law trademark infringement and unfair competition.

2. Norwood, as holder of the famous KOOZIE® trademark (collectively referred to as the "KOOZIE® Trademark," as defined below) seeks relief, including relief to enjoin Defendant's wrongful use of the KOOZIE® Trademark in commerce.

## PARTIES, JURISDICTION, AND VENUE

3. This Court's subject-matter jurisdiction is based on 28 U.S.C. § 1338(a) and (b) (Acts of Congress pertaining to trademarks and related actions), 15 U.S.C. § 1121 (Federal Lanham Act), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction.

4. Norwood is a limited liability corporation organized and existing under the laws of the state of Delaware and has a principal place of business in Indianapolis, Indiana.

5. Defendant JB Originals, LLC ("Defendant") is a North Carolina limited liability corporation and may be served through Julia Sherron, who is located at P.O. Box 1048, Vass, NC 28394.

6. Defendant's principal place of business is located in Raleigh, North Carolina.

7. Defendant does business over the Internet and solicits business from customers located throughout the United States from a fully interactive e-commerce Web site, www.woozie.com (the "Web Site").

8. This Court has personal jurisdiction over the Defendant by virtue of its sale of Infringing Merchandise (as defined below) to residents located within the state of Indiana.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) and (c).

## FACTUAL ALLEGATIONS

10. Norwood incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

11. Norwood is engaged in the primary business of manufacturing and selling promotional products. Norwood employs several thousand associates in the United States. Norwood's current product line includes more than 4,800 innovative products.

12. Norwood is the owner of a federally registered KOOZIE® trademark that is protected by state, federal, and common laws, including but not limited to Federal Trademark Reg. No. 3240989.

13. Norwood has extensively used and promoted the KOOZIE® Trademark in connection with its insulated beverage containers at considerable expense.

14. Norwood has acquired significant goodwill and public recognition of the KOOZIE® Trademark.

15. The KOOZIE® Trademark has been used in connection with insulated beverage containers since 1979, is immediately recognizable by consumers, and is famous.

16. Further, Norwood maintains a business of licensing the right to other manufacturers to sell products bearing the KOOZIE® Trademark. Consistent with its obligations in connection with protecting the KOOZIE® Trademark, Norwood establishes and maintains standards of high quality for KOOZIE® brand products.

17. Products bearing the KOOZIE® Trademark are extremely well known and, as a result of extensive sales and advertising, have come to mean, and are identified with, Norwood and its affiliate companies only.

18. The KOOZIE® Trademark, when used in connection with insulated beverage containers exclusively indicates products that are sold by or authorized by Norwood.

19. The KOOZIE® Trademark is distinctive and/or has developed secondary meaning and significance in the minds of the purchasing public. Furthermore, products bearing the KOOZIE® Trademark are instantly recognized by the purchasing public nationwide and are identified by the purchasing public with Norwood, its affiliate companies, and their high-quality goods and services.

20. As a result of the goodwill and immediate recognition of the KOOZIE® Trademark, established by Norwood as a result of its extensive sales and advertising, the KOOZIE® Trademark has become highly valuable.

21. Upon information and belief, Defendant has engaged in the business, among other things, of manufacturing, advertising, selling, and/or distributing certain products which incorporate the KOOZIE® Trademark or colorable imitation thereof, including, but not limited to, the insulated beverage container called the "Woozie" depicted below (herein, the Infringing Merchandise):



Defendant also maintains a Web site, www.woozie.com, on which it described the Woozie as a "koozie for a wine glass." Defendant's unauthorized use of the KOOZIE® Trademark is a deliberate effort to trade on Norwood's intellectual property rights. Such use of the KOOZIE®

4

Trademark infringes Norwood's trademark and other intellectual property rights.

22. Defendant has not received permission to manufacture, sell, advertise or distribute any products bearing the KOOZIE® Trademark from Norwood or anyone acting on Norwood's behalf.

23. Upon information and belief, Defendant willfully and intentionally engaged in the foregoing business with the knowledge that the KOOZIE® Trademark is owned by and registered to Norwood and that the manufacture, advertisement, sale and/or distribution of goods bearing the KOOZIE® Trademark was unauthorized.

24. Defendant's conduct of manufacturing, advertising, selling and/or distributing products incorporating the KOOZIE® Trademark or a colorable imitation thereof without permission was (and is) a deliberate attempt to trade on the valuable trademark rights and substantial goodwill established by Norwood and its affiliate companies.

25. Upon information and belief, Defendant engaged in the foregoing business with the intent that its use of the KOOZIE® Trademark would cause confusion, mistake, or deception among members of the general public.

26. Defendant has traded on and profited from the enormous goodwill and reputation established by Norwood.

27. Plaintiff has demanded that Defendant cease its use of the KOOZIE® Trademark, however, Defendant has refused, making its conduct willful and wanton.

## COUNT I: TRADEMARK INFRINGEMENT

28. Norwood incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

29. Defendant's conduct as described herein violates 15 U.S.C. § 1114(1), which specifically forbids Defendant to:

   a. use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which use is likely to cause confusion, or to cause mistake, or to deceive, or

   b. reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

30. Defendant's conduct also constitutes common law trademark infringement.

31. Defendant's use of "Woozie" as the description for its insulated beverage container is clearly an attempt to trade on the reputation of Norwood and the goodwill it has established in its KOOZIE® Trademark. Such use is an infringement of Norwood's trademark rights and interests. Defendant's unauthorized use of the KOOZIE® Trademark is likely to cause confusion and/or mistake and to deceive the public as to the approval, sponsorship, license, source or origin of Defendant's products.

32. Upon information and belief, these wrongful acts were committed with knowledge that such imitation, as described, was intended to cause confusion, or to cause mistake, or to deceive, and Defendant has profited and been unjustly enriched by sales that Defendant would not otherwise have made but for its unlawful conduct.

33. As a result of Defendant's conduct, Norwood has been injured and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods,

actual damages, statutory damages, treble damages, corrective advertising damages, costs of litigation, and attorneys' fees.

34. Defendant's willful and deliberate acts described herein have caused irreparable injury to Plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Plaintiffs have no adequate remedy at law.

## COUNT II: FALSE DESIGNATION OF ORIGIN

35. Norwood incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

36. Defendant's conduct as described herein violates 15 U.S.C. § 1125(a)(1)(A) which specifically prohibits Defendant from making:

> in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which:
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the original, sponsorship, or approval of his or her goods, services of commercial activities by another person . . . .

37. On information and belief, Defendant's acts of false designation of origin and unfair competition have been done willfully and deliberately and Defendant has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

38. Norwood has been damaged and/or is likely to be damaged by the wrongful conduct of Defendant.

39. Defendant's violations of 15 U.S.C. § 1125(a) entitle Norwood to recover damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, corrective advertising damages, litigation costs, and attorneys' fees.

### COUNT III: TRADEMARK DILUTION AND TARNISHMENT

40. Norwood incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

41. The KOOZIE® Trademark is distinctive and famous within the meaning of 15 U.S.C. § 1125(c), and was distinctive and famous prior to the date of Defendant's conduct described herein.

42. Defendant's conduct, as set forth above, violates 15 U.S.C. § 1125(c), as amended by the Trademark Dilution Revision Act of 2006, in that it is likely to dilute and is diluting the distinctive quality of the KOOZIE® Trademark. Defendant's use of the KOOZIE® Trademark is likely to create and has created an association between Defendant's products and the KOOZIE® Trademark, which impairs the distinctiveness of the KOOZIE® Trademark and lessens the capacity of the KOOZIE® Trademark to identify and distinguish products marketed and sold by Plaintiffs and its licensees under those marks.

43. To the extent that Defendant's products are viewed as being less than satisfactory to consumers, something which Norwood has no ability to control, Plaintiffs' business reputation and goodwill and the reputation and goodwill associated with the KOOZIE® Trademark have been and are likely to be tarnished and injured.

44. Upon information and belief, Defendant willfully and in bad faith intended to profit from the KOOZIE® Trademark by trading on the valuable reputation of Norwood and causing dilution of the distinctive quality of and tarnishing this famous mark.

45. Defendant's conduct as set forth above violates 15 U.S.C. § 1125(c), in that Defendant willfully and in bad faith intended to profit from the KOOZIE® Trademark by trading on

the valuable reputation of Norwood and caused dilution of the distinctive quality associated with the KOOZIE® Trademark.

46. Defendant's violations of 15 U.S.C. § 1125(c) entitle Norwood to recover damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, corrective advertising damage, costs of suit, and attorneys' fees.

47. Defendant's willful and deliberate acts described above have caused irreparable injury to Plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Plaintiffs have no adequate remedy at law.

### COUNT IV: UNFAIR COMPETITION

48. Norwood incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

49. Norwood has existing contractual relationships that involve granting licenses to various manufacturers and distributors authorizing their manufacture and sale of various items that use or incorporate the KOOZIE® Trademark.

50. Defendant's unlawful and unauthorized use of the KOOZIE® Trademark constitutes unfair competition with Norwood and its licensees under state, federal and common law. Defendant's conduct was, and continues to be, designed to cause confusion in the public mind as to the source and origin of such unauthorized products. Defendant's conduct was, and continues to be, calculated to cause damage to Norwood in its lawful business and done with the unlawful purpose of causing such damage without right or justifiable cause.

51. Defendant's conduct as described herein has directly and proximately caused Norwood and its licensees to incur substantial monetary damages.

52. Defendant acted willfully and maliciously and with full knowledge of the adverse effect of this wrongful conduct upon Norwood and its licensees and with conscious disregard for the rights of those parties.

53. Defendant's unfair competition entitles Norwood to recover damages including, but not limited to, Defendant's profits from the sale of the infringing products, actual damages, corrective advertising damages, costs of suit and attorneys' fees

### COUNT V: CYBERSQUATTING

54. Norwood incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

55. Defendant uses a domain name, www.woozie.com, which is confusingly similar to the famous Koozie® Trademark.

56. Defendant has described the Woozie on the aforementioned Web site as a "koozie for a wine glass."

57. Upon information and belief, Defendant willfully and in bad faith intended to profit from the KOOZIE® Trademark by trading on the valuable reputation of Norwood and this famous mark.

58. Defendant has traded on and profited from the enormous goodwill and reputation established by Norwood.

59. Defendant's conduct as set forth above violates 15 U.S.C. § 1125(d), in that Defendant willfully and in bad faith intended to profit from the KOOZIE® Trademark by trading on the valuable reputation of Norwood through the Woozie Web site.

60. Defendant's violations of 15 U.S.C. § 1125(d) entitle Norwood to recover damages, including but not limited to, having the www.woozie.com domain name cancelled, forfeited, or transferred to Norwood.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues raised in this Complaint.

### REQUEST FOR RELIEF

**WHEREFORE**, Norwood seeks the following relief:

A. A permanent injunction providing that, pursuant to 15 U.S.C. § 1116, Defendant and its owners, partners, officers, directors, agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined throughout the world during the pendency of this action, and permanently thereafter from:

(i) Infringing on the KOOZIE® Trademark in any manner; and

(ii) Manufacturing, marketing, advertising, distributing, selling, promoting, licensing, exhibiting or displaying any product or service using the KOOZIE® Trademark or any copies or counterfeits thereof or anything confusingly similar thereto; and

(iii) Otherwise infringing on the KOOZIE® Trademark; and

(iv) Using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that Defendant's products are endorsed by Norwood or any related company, sponsored by Norwood or any related company, or are connected in any way with Norwood or any related company; and

(v) Interfering in the existing contracts or business expectancies of Norwood in

          any manner whatsoever; and

    (vi)    Using the KOOZIE® Trademark in any manner whatsoever; and

    (vii)    Holding itself out as a licensee or otherwise authorized user of the KOOZIE® Trademark; and

    (viii)    Using the KOOZIE® Trademark in promotional literature or materials, including those posted on the Internet.

B. That, pursuant to 15 U.S.C. § 1118, Defendant be required to deliver to the Court, or to some other person that the Court may designate, for ultimate destruction, any and all articles of merchandise, including all Infringing Merchandise, as well as any other items in the possession or control of Defendant which might, if sold or distributed for sale, violate the injunction granted herein;

C. That, pursuant to 15 U.S.C. § 1117 and I.C. 34-24-3-1, Norwood be awarded damages, including but not limited to, actual damages, Defendant's profits, treble damages, costs of suit and attorneys' fees;

D. That, pursuant to 15 U.S.C. § 1125(d), Norwood be awarded ownership of the domain name www.woozie.com.

E. That Norwood be awarded such other damages, including but not limited to, punitive damages, to which Norwood may show itself entitled to recover; and

F. All other just and proper relief.

                                                          Respectfully submitted,

                                                          Jonathan G. Polak (Atty. No. 21954-49)
                                                          Erin C. Nave (Atty. No. 28706-49)
                                                          Counsel for Norwood

TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel: 317/713-3500
Fax: 317/713-3699
jpolak@taftlaw.com
enave@taftlaw.com

1230629_1